UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20983-CR-Moore/Garber

UNITED STATES OF AMERICA,

v.

CARLOS D. CAMPBELL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    THIS CAUSE is before the Court by Order of Reference from United States District Judge K. Michael Moore.  Pursuant to such reference, the Court has received the defendant Campbell's Motion to Dismiss Count Three of the Indictment and the Unnumbered Forfeiture Allegations [DE 38] and the government's response in opposition.

## DISCUSSION

    The defendant Campbell and others were arrested and charged by indictment with two counts alleging violations of the controlled substance statutes of the United States.  Campbell was also charged, in Count Three, that he did "knowingly possess a firearm during and in relation to and in furtherance of a drug trafficking crime . . .a violation of 18 U.S.C. § 924(c)(1)(A).

    The defendant moves to dismiss Count Three, relying on the United States Supreme Court's opinion in *Watson v. United States,* ___ U.S. ___, *(2007 U.S. Lexus 13081; 76 U.S. L.W. 4020 (2007) (*opinion published December 10, 2007*)*.  The defense also relies on the ruling in *Bailey v. United States,* 516 U.S. 137, 116 S. CT. 501 (1995).  Both *Watson* and *Bailey*, although addressing

the language of § 924(c)(1)(A), focus only on that portion of said statute regarding *use* of a firearm, one of the statute's prongs.

An examination of § 924(C)(1)(A) reveals that it is set forth in the disjunctive.  Said statute permits the charging of a violation against anyone who

> "[d]uring and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punished if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, **possesses** a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --. . ."

Emphasis supplied

In the cause *sub judice* Count Three of the Indictment charges that the defendant Campbell "did knowingly possess a firearm during and in relation to and in furtherance of a drug trafficking crime . . ."  Counts One and Two charge the defendant Campbell and others with conspiring to violate 21 U.S.C. § 841(a)(1) and 846, by possessing with the intent to distribute a controlled substance and by attempting to possess with intent to distribute a controlled substance.  Such crimes are in those categories of offenses as set forth in §924(c)(1)(A).

Here, the charge against the defendant in Count Three does not allege the use of a firearm in the commission of the underlying offenses.  The defendant is charged in Count Three that he "did knowingly **possess** a firearm during and in relation to and in furtherance of a drug trafficking crime . . ."  Thus, it is clear that the rulings in *Watson* and *Bailey* are not applicable to the charge set forth in Count Three.

The Court finds that the allegations set forth in Count Three are consistent with the statutory language of 18 U.S.C. § 924(c)(1)(A) and the defendant's Motion to Dismiss must be denied.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above and upon a review of the record in this cause, and the Court being advised in the premises, the undersigned respectfully

RECOMMENDS as follows:

1. That the defendant Campbell's Motion to Dismiss Count Three of the Indictment be DENIED.

2. That any claims regarding the forfeiture be DENIED inasmuch as such issue was not presented in defendant's Motion to Dismiss.

**The parties have five (5) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988). Any objections shall be considered by U.S. District Judge K. Michael Moore prior to the scheduled commencement of the trial.**

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 18th day of January, 2008.

*/s/ Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE