UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20983-CR-Moore/Garber

UNITED STATES OF AMERICA,

v.

CARLOS DELANO CAMPBELL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge K. Michael Moore.  Pursuant to such reference the Court has received the defendant Campbell's Motion to Suppress Evidence (Statements and Physical Evidence) [DE 39] and the government's response in opposition.  A hearing on said Motion was held on January 18th, 2008, and the defendant appeared with his attorney of record, Douglas Williams, Esquire, and the government was represented by Assistant United States Attorney Yvonne Rodriguez-Schack.

## FACTUAL BACKGROUND AND DISCUSSION

On November 30, 2007, the defendant Campbell was arrested while in his vehicle, along with two other persons, one of whom had been heard in negotiations for the sale of a substantial amount of cocaine.  Such negotiations that were heard involved co-defendant Acosta, who was negotiating with informants in New York and Miami.  Such conversations were telephonic and were recorded by law enforcement agents.

At the time of his arrest, the defendant was removed from his vehicle by law enforcement officers, handcuffed, and removed from the vicinity of the vehicle.  As is often the case where motor

vehicles are involved and seized, a law enforcement officer conducted an inventory search of Campbell's vehicle before transporting said vehicle to a police department. Inventories of vehicles that have been seized, such as the one *sub judice*, conducted pursuant to standard police procedures, is reasonable. *South Dakota v. Opperman, 428 U.S. 364 (1977)*. Detective Alexander Morales of the North Miami Beach Police Department, whom the Court finds to be a highly credible witness, testified that immediately following the defendant Campbell's arrest, he undertook the inventory search of the defendant's vehicle. He testified that he conducts such searches in a very methodical manner, doing so on a section by section search of the interior. He testified that he found the subject handgun under a mat in front of the driver's seat. Immediately thereafter Special Agent Scott Wiegmann of the Federal Bureau of Investigation exhibited the retrieved firearm and two cellphones, also found in the vehicle, and asked the defendant if they were his. The defendant responded that they were.

However, prior to the inventory search and following his removal from the vehicle, and his being placed on the ground, Campbell was asked by a government agent whether there was a gun or firearm in his car. He responded in the affirmative. He was later asked where the weapon was located, to which he responded that it was located under the floor mat. It is undisputed that such interrogation of the defendant took place without the defendant having been given his rights pursuant to *Miranda*. The government, at the hearing on the defendant's Motion to Suppress, etc., conceded that the two statements of the defendant that a firearm was in his vehicle and his later statement that it was located under a mat, as well as his response to Special Agent Wiegmann's query as to whether the weapon and phones were his, were taken in violation of the defendant's *Miranda* rights and accordingly should be suppressed. The undersigned agrees.

The defendant argues that no statements of his were captured during the recording of telephonic conversations regarding a proposed cocaine transaction and that there was no probable cause to justify his arrest. The totality of facts and circumstances dictate to the contrary. The defendant Campbell was in the presence of two other defendants, all seated in Campbell's vehicle, at which time a substantial narcotics transaction was being discussed. Law enforcement was aware that a delivery of such narcotics was to take place and it was therefore reasonable to believe that a vehicle would be used in such transaction and that such narcotics may have been in the defendant's vehicle. Based upon the existence of such probable cause, an adequate basis for a search of Campbell's vehicle existed. *Chambers v. Maroney*, 399 U.S. 42 (1970), relying on the principles of *Carroll v. United States*, 267 U.S. 132 (1925). The fact that there is a belief that the vehicle was involved in a drug offense, obviated the need for a search warrant as to the vehicle. *Maryland v. Dyson*, 527 U.S. 465 (1999); *United States v. Watts*, 329 F.3d 1282 (11th Cir. 2003). Thus, the search of the defendant's vehicle was lawful, even if not conducted as an inventory search. Alternatively, the seizure of the defendant's vehicle was appropriate and the inventory search was thus lawful, as stated above.

Based upon the foregoing the Court finds that probable cause existed for the arrest of the defendant Campbell,[1] the search of the defendant's vehicle was lawful and permissible, and the evidence seized from search is admissible and should not be suppressed. The Court further finds that the responses to questions by law enforcement elicited without *Miranda* warnings should be suppressed, as agreed to by the government.

---

[1] Probable cause also exists as the result of the Grand Jury's indictment in this cause.

## CONCLUSION AND RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record, and consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that the defendant Campbell's Motion to Suppress Evidence (Statements and Physical Evidence) be GRANTED IN PART AND DENIED IN PART as follows:

1. Those statements given by the defendant Campbell, in response to questions from law enforcement without the defendant having been given his *Miranda* warnings, and with the concurrence of the government, be SUPPRESSED.

2. The remainder of the defendant's Motion should be DENIED.

The parties have four (4) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988). **Any objections to this Report and Recommendation shall be considered by U.S. District Judge K. Michael Moore prior to the commencement of the trial.**

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 22nd day of January, 2008.

*[signature: Barry L. Garber]*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE